IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                             No. CV 16-00603 JCH/GBW
                                                            No. CR 11-02867 JCH

JOEL REYNALDO RODRIGUEZ,

    Defendant/Petitioner.

## ORDER GRANTING PETITIONER'S MOTION
## TO DISMISS WITHOUT PREJUDICE

This matter comes before the Court on Petitioner's Motion to Dismiss Without Prejudice. *Doc. 113*. Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (and *Johnson v. United States*) on June 17, 2016, and filed an amended version of the Motion on June 27, 2016. *Docs. 105, 106*. Petitioner's § 2255 petition challenges his enhanced sentence under the United States Sentencing Guidelines career offender enhancement on the basis that the residual clause of that provision of the guidelines is unconstitutionally vague under the reasoning in *Johnson v. United States*, 576 U.S. \_\_\_, 135 S. Ct. 2551 (2015). *See doc. 106* at 6-9.

The United States filed its Response to the § 2255 petition on February 10, 2017. *Doc. 8*. Before the Magistrate Judge could issue his Proposed Findings and Recommended Disposition regarding the merits of the petition, the Supreme Court issued its decision in *Beckles v. United States*, 580 U.S. \_\_\_, No. 15-8544, slip op. (March 6,

2017). In *Beckles*, the Supreme Court held that the guidelines are not subject to a void-for-vagueness challenge. 580 U.S. ___, No. 15-8544, slip op. at 5. Accordingly, the Magistrate Judge ordered that the parties confer and file a joint statement in light of the impact of *Beckles* on the merits of the petition. Doc. 111. The parties conferred and agreed that Petitioner's § 2255 motion was due to be dismissed. Doc. 112. Petitioner then filed the instant Motion to Dismiss Without Prejudice on March 22, 2017, which indicated that the United States opposes based on its position that the petition should be dismissed *with* prejudice. *See doc. 113*. The United States did not file a response articulating grounds to support its position, however. Having reviewed Petitioner's Motion and being fully advised, the Court finds the Motion to be well-taken and will grant it.

Rule 41 permits dismissal of an action "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Absent legal prejudice to the respondent, the Court should typically grant a voluntary dismissal. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). Prejudice "does not arise simply because a second action . . . may be filed against the [respondent][.]" *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005). Rather, in determining whether legal prejudice to Respondent would be caused by granting Petitioner's motion, the Court should consider factors including "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the

2

present stage of litigation[,]" although this list of factors is not exhaustive. *Ohlander*, 114 F.3d at 1537. In determining whether prejudice will result from granting a voluntary dismissal, the Court "should endeavor to [ensure] substantial justice is accorded to both parties. . . . [and] therefore[] must consider the equities not only facing the [respondent], but also those facing the [petitioner][.]" *Id.*

Petitioner filed this *habeas* action under 28 U.S.C. § 2255. *See docs. 105, 106*. Therefore, the first *Ohlander* factor—Respondent's effort and expense in preparing for trial—does not apply to the present action. The Court acknowledges the effort and expense of the United States related to briefing Petitioner's § 2255 motion. *Doc. 110*. However, unlike the circumstances of a typical civil lawsuit, a subsequent filing of a similar action by Petitioner would not expose Respondent to damages or liability. *See* 28 U.S.C.A. § 2255. A § 2255 motion instead allows a criminal defendant to seek relief from an allegedly illegal or unconstitutional sentence, such that the "equities" facing Petitioner if the Court were to dismiss his action with prejudice are significant. *See id.* § 2255(h); *see also Ohlander*, 114 F.3d at 1537.

Here, the Magistrate Judge did not file any Proposed Findings and Recommended Disposition prior to Petitioner filing his Motion to Dismiss. Therefore, the situation before the Court is not one where Petitioner has merely read the "clear []writing on the wall in the form of the magistrate's report" and conceded defeat based on the contents therein. *See Hurd v. Mondragon*, 851 F.2d 324, 328-29 (10th Cir. 1988); *see*

3

*also Haro-Arteaga v. United States*, 199 F.3d 1195, 1197 (1999) (finding that a § 2255 motion filed after two earlier motions had been voluntarily dismissed would not be barred because "'in order for a habeas petition to be considered successive, the previous motion must have been denied on the merits. The district court must have engaged in substantive review.'" (quoting with approval *Garrett v. United States*, 178 F.3d 940, 942 (7th Cir. 1999))). Moreover, Respondent has offered no basis for a finding that prejudice to Respondent would result from granting Petitioner's motion. Absent such a showing, dismissal without prejudice is appropriate. *See Brown*, 413 F.3d at 1123-24.

Therefore, Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (*doc. 106*) is hereby DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

JUDITH C. HERRERA
United States District Judge