**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                     No. 1:17-cv-00569 JCH/GJF
                                              1:11-cr-02867 JCH/GJF

JOEL RODRIGUEZ,

     Defendant.

## <u>MEMORANDUM OPINION AND ORDER TO SHOW CAUSE</u>

Before the Court is Defendant's Motion/Letter to Rescind. (Doc.116).[1] Defendant is incarcerated and proceeding *pro se*. He asks the Court to modify his sentence to accurately reflect the terms of his plea agreement. The Court construes the filing as a motion to vacate or correct sentence under 28 U.S.C. § 2255. After reviewing the motion *sua sponte* under Habeas Corpus Rule 4(b), the Court will order Defendant to show cause why the motion should not be dismissed as untimely.

### Background

On June 6, 2013, Defendant pled guilty to interfering with interstate commerce by robbery in violation 18 U.S.C. § 1951(a). (Doc. 96). Under the plea agreement, the parties stipulated that Defendant's sentence would be 120 months. *Id.* at ¶ 9. The agreement further states: "the United States does not oppose the service of the sentence in the instant case concurrently with any remaining sentence in CR-200603134 as well as the discharged sentence in CR 11-1176."[2] *Id.* at ¶

---

[1] Unless otherwise noted, all further references are to documents filed in criminal case no. 1:11-cr-02867.
[2] In case no. D-202-CR-200603134, the state court sentenced Defendant to "18 yrs, mitigated for 12 yrs" after he pled no contest to trafficking a controlled substance. In case no. 11-CR-1176, this Court revoked

9(b).  On August 9, 2013, the Court entered judgment on Defendant's conviction and sentence (the

"Judgment").  (Doc. 102).  The Judgment provides that the 120 month sentence will run

concurrent with Defendant's state sentence in case no. D-202-CR-20060313.  (Doc. 102).  No

appeal was filed.  Defendant's conviction therefore became final on August 26, 2013, the first

business day following the expiration of the 14-day appeal period.  *See United States v. Prows,*

448 F.3d 1223, 1227–28 (10th Cir. 2006); *U.S. v. Garcia-Roman,* 466 Fed. App'x 750, 751 (10th

Cir. 2012).

On June 17, 2016, Defendant filed his first motion to vacate or correct sentence pursuant 28

U.S.C. § 2255.  (Doc. 105).  Defendant sought relief under *Johnson v. United States,* 135 S. Ct.

2551 (2015).  He asserted section 4B1.2 of the United States Sentencing Guidelines - which

provided the basis for his sentence - was unconstitutionally vague.  The United States filed a

response on February 10, 2016.   (Doc. 110).

Several weeks later, and before any recommended ruling was filed, the Supreme Court

issued its decision in *Beckles v. United States,* 137 S. Ct. 886 (2017).  *Beckles* held that the

guidelines are not subject to void-for-vagueness challenges.  The parties agreed *Beckles* was

dispositive of the issues raised in § 2255 motion.  (Doc. 112).  Defendant filed a motion to

voluntarily withdraw the § 2255 claim without prejudice pursuant to Fed. R. Civ. P. 41(a)(2),

which the United States opposed.   (Doc. 113).

By an order entered April 26, 2017, the Court dismissed the § 2255 motion without

prejudice.  (Doc. 114).  The Court noted that it had not reached the merits of the § 2255 motion,

and the situation was "not one where Petitioner … merely read the 'clear writing on the wall in the

form of the magistrate [judge's] report' and conceded defeat based on the contents therein."  *Id.* at

---

Defendant's supervised release and ordered him to serve 24 months in prison.

p. 3 (quoting *Hurd v. Mondragon,* 851 F.2d 324, 328-29 (10th Cir. 1988)).

Defendant filed the instant motion on May 15, 2017. (Doc. 116). He argues his 120-month sentence is inconsistent with the plea agreement. Specifically, Defendant points out that the plea agreement contemplates that his robbery sentence would run concurrent with his discharged federal sentence in 11-CR-1176, but the Judgment only references his state sentence in case no. D-202-CR-200603134. The motion was initially docketed as a habeas petition under 28 U.S.C. § 2241. However, Defendant is not challenging how his sentence is being executed, but rather the validity of the sentence itself, as it allegedly violates the plea agreement. The Court will therefore construe the motion as being brought pursuant to 28 U.S.C. § 2255. *See U.S. v. McAllister,* 608 Fed. App'x 631 (10th Cir. 2015) (using § 2255 to analyze the defendant's claim that the government breached the plea agreement during sentencing); *U.S. v. Bell,* 437 Fed. App'x 658 (10th Cir. 2011) (same); *Nichols v. United States*, 474 Fed. App'x. 854, 855–56 (3rd Cir. 2012) (claims relating to breach of plea agreements that would require invalidation of the underlying conviction or sentence must generally be raised in a § 2255 motion).

## Discussion

As an initial matter, the Court must decide whether the instant § 2255 motion is second or successive. If it is, the "district court does not have jurisdiction to address the merits … until [the Tenth Circuit] has granted the required authorization." *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). *See also* § 2255(h) (requiring a second or successive motion to be certified by the appropriate court of appeals).

A § 2255 petition "that does not result in an adjudication of the merits of the habeas claims … will not count as a first habeas petition for purposes of determining whether later habeas petitions are second or successive." *Douglas v. Workman,* 560 F.3d 1156, 1188 n. 18 (10th Cir.

3

2009).   *See also Haro-Arteaga v. United States*, 199 F.3d 1195, 1196 (10th Cir.1999) (finding that

a § 2255 motion filed after two earlier motions had been voluntarily dismissed would not be barred

because "to be considered successive, the previous motion must have been denied on the merits.

The district court must have engaged in substantive review.") (quotations omitted).   As explained

in the dismissal order, the first § 2255 motion was not denied on the merits, nor did Defendant

concede defeat in the face of an unfavorable recommended ruling.   The instant § 2255 motion will

therefore not be considered successive.

Turning to the merits, it appears Defendant's claims are time barred.   Motions under §

2255 must generally be filed within one year after the conviction becomes final.   *See U.S. v.*

*McGaughy,* 670 F.3d 1149, 1152 n. 1 (10th Cir. 2012) (citing 28 U.S.C. § 2255(f)(1)).

Defendant's first § 2255 motion fell within an exception allowing prisoners to move to amend their

sentence based on a "right [that] has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review."   28 U.S.C. § 2255(f)(3).   However, the

instant motion is not based on a newly recognized right and was filed nearly three years after the

conviction became final.   The motion must therefore be dismissed unless Defendant files a

response that demonstrates grounds for tolling.   *See United States v. Cordova,* 1999 WL 1136759,

*1 (10th Cir. Dec. 13, 1999); *Hare v. Ray,* 2000 WL 1335428, *1 (10th Cir. Sept. 15, 2000) (noting

that the timeliness of a § 2254 petition may be raised *sua sponte* and allowing response); *Hines v.*

*United States,* 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default in § 2255

proceeding).

If Defendant fails to timely respond or demonstrate adequate grounds for tolling, the Court

may dismiss the instant § 2255 motion without further notice.   Any subsequent § 2255 motion will

be subject to the restriction on "second or successive" motions.   *Haro-Arteaga*, 199 F.3d at 1196.

Alternatively, if Defendant disagrees that his filing should be construed as a motion to modify his sentence under § 2255, he may withdraw the filing or amend it to clarify his claims. *See Castro v. United States,* 540 U.S. 375, 383 (2003).

      IT IS THEREFORE ORDERED that, within thirty (30) days from entry of this order, Defendant must file a response showing cause, if any, why his § 2255 motion should not be dismissed as untimely, or amend or withdraw the motion.


_____
UNITED STATES DISTRICT JUDGE