# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                     No. 1:17-cv-00569 JCH/GJF
                                                                                                                  1:11-cr-02867 JCH/GJF

JOEL RODRIGUEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion/Letter to Rescind. (Doc.116) ("Motion").[1] Defendant is incarcerated and proceeding *pro se*. He asks the Court to modify his sentence to accurately reflect the terms of his plea agreement. However, Defendant does not want the Motion construed as a motion to correct sentence under 28 U.S.C. § 2255. Because § 2255 is the only avenue for relief, the Court will deny the Motion without prejudice.

### Background

On June 6, 2013, Defendant pled guilty to interfering with interstate commerce by robbery in violation 18 U.S.C. § 1951(a). (Doc. 96). Under the plea agreement, the parties stipulated that Defendant's sentence would be 120 months. *Id.* at ¶ 9. The agreement further states: "the United States does not oppose the service of the sentence in the instant case concurrently with any remaining sentence in CR-200603134 as well as the discharged sentence in CR 11-1176."[2] *Id.* at ¶ 9(b). On August 9, 2013, the Court (Hon. Scott Skavdahl) entered judgment on Defendant's

---

[1] Unless otherwise noted, all further references are to documents filed in criminal case no. 1:11-cr-02867.
[2] In case no. D-202-CR-200603134, the state court sentenced Defendant to "18 yrs, mitigated for 12 yrs" after he pled no contest to trafficking a controlled substance. In case no. 11-CR-1176, this Court revoked Defendant's supervised release and ordered him to serve 24 months in prison.

conviction and sentence (the "Judgment"). (Doc. 102). The Judgment provides that the 120 month sentence will run concurrent with Defendant's state sentence in case no. D-202-CR-20060313 but does not mention 11-CR-1176. (Doc. 102). No appeal was filed. Defendant's conviction therefore became final on August 26, 2013, the first business day following the expiration of the 14-day appeal period. *See United States v. Prows,* 448 F.3d 1223, 1227–28 (10th Cir. 2006); *U.S. v. Garcia-Roman,* 466 Fed. App'x 750, 751 (10th Cir. 2012).

Defendant filed the instant Motion on May 15, 2017. (Doc. 116). He argues his 120-month sentence is inconsistent with the plea agreement. Specifically, Defendant points out that the plea agreement contemplates that his robbery sentence would run concurrent with his discharged federal sentence in 11-CR-1176, but the Judgment only references his state sentence in case no. D-202-CR-200603134. The Motion was initially docketed as a habeas petition under 28 U.S.C. § 2241. However, Defendant is not challenging how his sentence is being executed, but rather the validity of the sentence itself, as it allegedly violates the plea agreement. By a Memorandum Opinion and Order entered June 9, 2017 (Doc. 118), the Court therefore gave notice that it intended to construe the Motion as a motion to modify his sentence under § 2255. *See Castro v. United States,* 540 U.S. 375, 383 (2003) (advising district courts to notify *pro se* plaintiffs that it intends to recharacterize a pleading as a first § 2255 motion). The Court also required Defendant to show cause why such motion should not be dismissed as untimely, as it was filed nearly three years after the Judgment became final. *See U.S. v. McGaughy,* 670 F.3d 1149, 1152 n. 1 (10th Cir. 2012) (Motions under § 2255 must generally be filed within one year after the defendant's conviction becomes final).

In response, Defendant "ask[ed] the Court to 'NOT' construe this letter, or the last letter, as a [28] U.S.C. § 2255 Motion to Correct or Vacate Sentence." (Doc. 119). Instead, Defendant

"ask[ed] only that it be taken as a request to correct my Judgment and Commitment and to reflect my plea." *Id.* A subsequent letter reiterates Defendant's desire "to have [his] judgment and commitment reflect [his] plea agreement." (Doc. 120).

## Discussion

"The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996) (internal quotations omitted). *See also U.S. v. Suarez,* 244 Fed. App'x 921, 924 (10th Cir. 2007) (concluding that § 2255 is the exclusive vehicle for modifying a federal sentence, except where 18 U.S.C. § 3582 allows a downward adjustment based on a change by the Sentencing Commission); *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 811 (10th Cir. 1997) (holding that 28 U.S.C. § 2255 is the proper vehicle for "collaterally attack the validity of a conviction and sentence"). Section 2255 therefore provides the only remedy where, as here, the federal judgment or sentence allegedly conflicts with the plea agreement. *See U.S. v. McAllister,* 608 Fed. App'x 631, 633 (10th Cir. 2015) (using § 2255 to analyze the defendant's claim that the government breached the plea agreement during sentencing); *Nichols v. United States*, 474 Fed. App'x. 854, 855–56 (3rd Cir. 2012) (claims relating to the plea agreement that would require invalidation of the underlying conviction or sentence must generally be raised in a § 2255 motion).

Nevertheless, a federal court generally cannot analyze a *pro se* litigant's claims under § 2255 against their will. *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("A federal court cannot recharacterize a *pro se* litigant's motion as a first § 2255 motion unless it first informs the litigant of its intent to recharacterize," warns the litigant about the consequences" and "provides the litigant an opportunity to withdraw the motion or to amend it"). When a petitioner opposes recharacterization under § 2255 but demonstrates no other authority for the claim, courts typically

deny the motion without prejudice.  *See, e.g., U.S. v. Reese,* 2008 WL 4610037, * 1 (W.D.N.C. Oct. 16, 2008) (dismissing letter-motion where "the defendant advised the Court not to treat his claim as a motion under § 2255"); *United States v. Trudeau,* 2016 WL 591754, * 5 n. 4 (D. Conn. Feb. 11, 2016) ("[T]he court will honor Trudeau's request that his Motion … not be construed as a section 2255 motion.").

The Court will therefore honor Plaintiff's wishes not to construe the Motion under § 2255, but will deny the Motion without prejudice as no other statute justifies the requested relief.  If Defendant changes his mind and decides to seek relief under § 2255 at a later time, that motion will not be considered second or successive.

IT IS THEREFORE ORDERED that the Motion/Letter to Rescind (Doc.116) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk's Office is directed to change the docket text associated with Doc. 116 from "Motion to Vacate Under 28 U.S.C. § 2255 by Joel Rodriguez" to "Motion/Letter to Rescind."

_____
UNITED STATES DISTRICT JUDGE