# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              No. 1:17-cv-1256 JCH/CG
                                                                                1:11-cr-02867 JCH

JOEL RODRIGUEZ,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Vacate Sentence, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (Doc.124) ("Motion").[1] Defendant is incarcerated and proceeding *pro se*. He asks the Court to modify his sentence to accurately reflect the terms of his plea agreement. For the reasons below, the Court must dismiss the Motion as untimely.

### **Background**

On June 6, 2013, Defendant pled guilty to interfering with interstate commerce by robbery in violation 18 U.S.C. § 1951(a). (Doc. 96). Under the plea agreement, the parties stipulated that Defendant's sentence would be 120 months. *Id.* at ¶ 9. The agreement further states: "the United States does not oppose the service of the sentence in the instant case concurrently with any remaining sentence in CR-200603134 as well as the discharged sentence in CR 11-1176."[2] *Id.* at ¶ 9(b). On August 9, 2013, the Court (Hon. Scott Skavdahl) entered judgment on Defendant's conviction and sentence ("Judgment"). (Doc. 102). The Judgment provides that the 120 month sentence will run concurrent with Defendant's state sentence in case no. D-202-CR-20060313 but

---

[1] Unless otherwise noted, all document references relate to criminal case no. 1:11-cr-02867.
[2] In case no. D-202-CR-200603134, the state court sentenced Defendant to "18 yrs, mitigated for 12 yrs" after he pled no contest to trafficking a controlled substance. In case no. 11-CR-1176, this Court revoked Defendant's supervised release and ordered him to serve 24 months in prison.

does not mention 11-CR-1176. (Doc. 102). No appeal was filed. Defendant's conviction therefore became final on August 26, 2013, the first business day following the expiration of the appeal period. *See United States v. Prows,* 448 F.3d 1223, 1227–28 (10th Cir. 2006); *U.S. v. Garcia-Roman,* 466 Fed. App'x 750, 751 (10th Cir. 2012).

On June 17, 2016, Defendant filed his first motion to vacate or correct sentence pursuant 28 U.S.C. § 2255. (Doc. 105). Defendant sought relief under *Johnson v. United States,* 135 S. Ct. 2551 (2015). He asserted section 4B1.2 of the United States Sentencing Guidelines - which provided the basis for his sentence - was unconstitutionally vague. The United States filed a response on February 10, 2016. (Doc. 110). Several weeks later, and before any recommended ruling was filed, the Supreme Court issued its decision in *Beckles v. United States,* 137 S. Ct. 886 (2017). *Beckles* held that the guidelines are not subject to void-for-vagueness challenges. By an order entered April 26, 2017, the Court allowed Defendant to voluntarily dismiss the first § 2255 motion without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. 114).

Defendant filed a second "Motion/Letter to Rescind" on May 15, 2017. (Doc. 116). He argued his 120-month sentence is inconsistent with the plea agreement. Specifically, Defendant pointed out that the plea agreement contemplates his robbery sentence would run concurrent with his discharged federal sentence in 11-CR-1176, but the Judgment only references his state sentence in case no. D-202-CR-200603134. By a Memorandum Opinion and Order entered June 9, 2017, the Court gave notice that it intended to construe the Motion as a motion to modify his sentence under § 2255. (Doc. 118). *See also Castro v. United States,* 540 U.S. 375, 383 (2003) (advising district court to notify *pro se* plaintiffs if it intends to recharacterize a pleading as a first § 2255 motion). The Court also required Defendant to show cause why such motion should not be dismissed as untimely, as it was filed nearly three years after the Judgment became final.

2

In response, Defendant "ask[ed] the Court to 'NOT' construe th[e] letter … as a [28] U.S.C. § 2255 Motion to Correct or Vacate Sentence." (Doc. 119). Instead, Defendant "ask[ed] only that it be taken as a request to correct my Judgment and Commitment and to reflect my plea." *Id.* A subsequent letter reiterated Defendant's desire "to have [his] judgment and commitment reflect [his] plea agreement." (Doc. 120). By a Memorandum Opinion and Order entered November 29, 2017, the Court agreed not to construe the second motion under § 2255. (Doc. 121). However, the Court denied the second motion without prejudice because § 2255 is the only vehicle for correcting a sentence. *Id.*

Defendant filed the instant Motion on December 21, 2017, which explicitly seeks relief under § 2255. (Doc. 124). Defendant again asks the Court "to correct [his] judgment and commitment to reflect the plea agreement or to vacate the sentence and order a re-sentencing." *Id.* at p. 1.

**Discussion**

I. Construing the Previous Motions

As an initial matter, the Court must decide whether the instant § 2255 motion is second or successive. A § 2255 motion "that does not result in an adjudication of the merits of the habeas claims … will not count as a first habeas petition for purposes of determining whether later habeas petitions are second or successive." *Douglas v. Workman,* 560 F.3d 1156, 1188 n. 18 (10th Cir. 2009). "[T]o be considered successive, … [t]he district court must have engaged in substantive review." *Haro-Arteaga v. United States*, 199 F.3d 1195, 1196 (10th Cir.1999). As the Court previously found, the first § 2255 motion was not dismissed on the merits. (Doc. 114, p. 3). The ruling on the second "Motion to Rescind Sentence" also explicitly declined to reach the merits of any § 2255 habeas claims. *See* (Doc. 121) (noting that "[i]f Defendant changes his mind and

3

decides to seek relief under § 2255 at a later time, that motion will not be considered second or successive"). The instant Motion therefore qualifies as Defendant's first § 2255 habeas petition.

II. Timeliness of the § 2255 Motion

"A § 2255 motion must generally be filed within one year of 'the date on which the judgment of conviction becomes final.'" *United States v. Mulay,* --- Fed. App'x ---, 2018 WL 985741 (10th Cir. Feb. 20, 2018) (unpublished) (quoting 28 U.S.C. § 2255(f)(1)). The one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4)

Courts may consider timeliness of a § 2255 motion *sua sponte* unless the government affirmatively waives the issue. *See Wood v. Milyard*, 566 U.S. 463, 473-74 (2012).

The Court initially examined the timeliness of Defendant's habeas claims before he declined recharacterization of his second Motion to Rescind. (Docs. 116, 118). In the Memorandum Opinion and Order to Show Cause entered June 9, 2017, the Court explained Defendant's conviction became final in 2013, and his argument about conforming the sentence to the plea agreement does not trigger a new one-year limitation period under § 2255(f). (Doc. 118, p. 4). Defendant was therefore warned that any § 2255 motion would be dismissed as untimely unless he demonstrated grounds for tolling. *Id.*

In the instant Motion, Defendant appears to acknowledge his habeas claims were filed over

4

three years after his conviction became final. (Doc. 124, p. 3). However, he argues the one-year limitation period should be tolled because the Bureau of Prisons ("BOP") miscalculated his sentence, and he "filed all of [his] … (BOP) administrative remedies starting in 11-4-2013 ending in a § 2241 case number 2:16-cv-3007." (Doc. 124, p. 3). This argument fails, for several reasons. First, there is no such case. After searching CM/ECF, the Court also notes that Defendant did not file any habeas proceedings aside from the motions noted in the background section of this ruling.

Further, even if Defendant did appeal to the BOP or file a § 2241 petition, such actions have no impact on this proceeding. The instant Motion challenges the accuracy of Defendant's Judgment in light of the plea agreement, which is properly brought under § 2255. *See Nichols v. United States*, 474 Fed. App'x. 854, 855–56 (3rd Cir. 2012) (claims relating to breach of plea agreements that would require invalidation of the underlying conviction or sentence must generally be raised in a § 2255 motion); *U.S. v. McAllister,* 608 Fed. App'x 631 (10th Cir. 2015) (using § 2255 to analyze the defendant's claim that the government breached the plea agreement during sentencing); *U.S. v. Bell,* 437 Fed. App'x 658 (10th Cir. 2011) (same). Section 2255 generally does not require the exhaustion of administrative remedies as a prerequisite to filing. *See* 28 U.S.C. § 2255; *Massaro v. United States*, 538 U.S. 500, 504 (2003) (discussing judicially created exhaustion requirements not applicable here). Consequently, Defendant's efforts with the BOP or in pursuit of § 2241 relief cannot toll the one-year limitation period.

Defendant also contends tolling is appropriate because:

In May 2017 Defendant-Petitioner wrote this Court a letter asking to correct his judgment to reflect the plea agreement or allow [his] plea anew…. December 2017 this court denied Defendant-Petitioners motion/letter; adding 'the exclusive remedy for testing the validity of a judgment and sentence unless it is inadequate or effective, that is provided for in 28 U.S.C. § 2255.

5

(Doc. 124, p. 4). Construed liberally, Defendant appears to argue the November 29, 2017 Memorandum Opinion and Order denying his second Motion/Letter to Rescind triggered a new one-year limitation period. (Docs. 116, 121). The Court disagrees. The Memorandum Opinion and Order simply granted Defendant's request not to consider the merits of his habeas claims. *Id.* It did not address timeliness under § 2255(f), nor did the Court otherwise promise that Defendant would be successful if and when he filed a § 2255 motion. *Id.* The prior filings and rulings in this case do not provide a basis for tolling.

Finally, Defendant appears to argue tolling is appropriate based on "manifest injustice" and "actual innocence." (Doc. 124, p. 3). The Court construes the former argument as a request for equitable tolling. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (addressing § 2254). *See also U.S. v. Cordova,* 1999 WL 1136759, * 1 (10th Cir. Dec. 13, 1999) (equitable tolling applies in § 2255 cases). It is not warranted where, as here, the Defendant provides no "specificity regarding the alleged lack of access … [or] the steps he took to diligently pursue his federal claims." *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998). Defendant also failed to provide any information supporting the "actual innocence" exception to the one-year limitation period, which requires "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial...." *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

Based on the foregoing, Defendant's Motion must be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1). The Court will also deny a certificate of appealability under Habeas Corpus Rule 11(a), as Defendant failed to make a substantial showing that he has been denied a

constitutional right.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate Sentence, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc.124) is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE